[Crim. No. 18773. First Dist., Div. Four. June 1, 1979.]

THE PEOPLE, Plaintiff and Appellant, v.
DALE ALVIN KERN, Defendant and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Timothy A. Reardon and John B. Moy, Deputy Attorneys General, for Plaintiff and Appellant.

Eugene Seltzer, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

CHRISTIAN, J.—The People have appealed from an order dismissing (Pen. Code, § 995) an information which charged Dale A. Kern with possession of a sawed-off shotgun (Pen. Code, § 12020) and possession of methamphetamine (Health & Saf. Code, § 11377). The question is

whether the court acted correctly when it determined that the evidence admitted against Kern at the preliminary hearing had been seized in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

On the morning of July 21, 1977, Officer Bachman of the Oakland Police Department was watching an Oakland residence in which the police believed methamphetamine was being sold. Officer Bachman was in an unmarked van parked near the residence.

While the surveillance continued, an informant who had been inside the residence told Officer Bachman that an old Dodge parked nearby was being started with a screwdriver in the ignition; the informant thought that the Dodge was stolen. The informant also told Officer Bachman that one of the men inside the residence was carrying a rifle. At that point Officer Bachman radioed for help.

Officer Bachman then saw two men come out of the residence. One was carrying a .30 caliber carbine and an attache case; the other, respondent Kern, was carrying what was described as a musical instrument case. The two men placed their luggage and the carbine in the trunk of the Dodge. About this time, Officer Harris arrived. Bachman told Harris what he had seen and asked him to stop the car. Harris followed and stopped the car "to make a check on the weapon and to check the vehicle to see if it was a stolen vehicle."

Harris explained to the two occupants why they had been stopped. Both occupants were asked to step out of the car; they were pat-searched, and placed in patrol cars. Harris then opened the trunk of the car. Inside the trunk, Harris found a .30 caliber carbine lying on top of a black attache case. He picked up the carbine and drew back the bolt; a live cartridge was ejected from the chamber. Harris noticed that the rifle did not have a clip attached, for which the rifle was designed.

Harris then began to look for the clip. After scanning the interior of the trunk, he opened the attache case; there he found a plastic prescription vial containing 13 rolled plastic bindles of white powder which he believed to be methamphetamine. Next to the vial was a hypodermic kit. A piece of luggage was opened and found to contain a sawed-off rifle.

Penal Code section 12031 provides, in pertinent part: "(a) . . . [E]very person who carries a loaded firearm on his person or in a vehicle while in any public place or on any public street in an incorporated city . . . is

guilty of a misdemeanor. [¶] . . . (e) In order to determine whether or not a firearm is loaded for the purpose of enforcing this section, peace officers are authorized to examine any firearm carried by anyone on his person or in a vehicle while in any public place or on any public street in an incorporated city . . . . Refusal to allow a peace officer to inspect a firearm pursuant to the provisions of this section constitutes probable cause for arrest for violation of this section." The question is whether the provision in section 12031, subdivision (e), that "refusal to allow a police officer to inspect a firearm pursuant to . . . this section constitutes probable cause for arrest for violation of this section," implies that a request to inspect must be made before there can be a lawful search. The trial court ruled that a request to inspect the firearm was a prerequisite to a search under this section. Because no such request was made in this case, the information was dismissed.

The court in *People* v. *DeLong* (1970) 11 Cal.App.3d 786, 792-793 [90 Cal.Rptr. 193], upheld the constitutionality of Penal Code section 12031, holding that "the mere examination of a weapon which is brought into a place where it is forbidden to have a loaded weapon, is not unreasonable and that the statutes authorizing such examination are constitutional." In *DeLong,* the court was only considering the propriety of the inspection of the firearm itself.  ■  The concern in the present case is not with the examination of the firearm but with whether the police officer was authorized to open the car trunk in order to inspect the weapon.

One cannot prevent a firearm inspection, pursuant to section 12031, simply by placing the weapon in a closed car trunk. (*People* v. *DeLong, supra,* 11 Cal.App.3d 786, 791.) Section 12031, subdivision (e), attempts to prevent such a frustration of the objectives of the statute by providing that refusal to allow a police officer to inspect a firearm constitutes probable cause to arrest for violation of this section. In the present case, Harris made no request to inspect the firearm. Where there is no request there can be no refusal. Hence, section 12031, subdivision (e), did not justify an arrest, and the search was not incident to a lawful arrest.

A request to inspect a firearm in order to determine if it is loaded is not the only possible basis for a lawful search. A police officer could properly open the trunk if he had independent probable cause to believe that the weapon, which he knew to be inside, was loaded. (Cf. *People* v. *DeLong, supra,* 11 Cal.App.3d 786, 791.) Where the officer knows only that there is a weapon inside the trunk but has no other information which would lead him to believe the weapon is loaded, as is the case here, the officer does

not have probable cause to believe the weapon is loaded. (Cf. *People* v. *DeLong, supra,* 11 Cal.App.3d 786, 790-791.)

In the absence of probable cause to believe that the weapon is loaded, exigent circumstances might permit a warrantless look into the car trunk. (*People* v. *Green* (1971) 15 Cal.App.3d 766 [93 Cal.Rptr. 433].) In *Green,* the police arrived at a hospital where they were directed to the hospital parking lot and informed that a medical secretary had found a shotgun in a golf bag in the back seat of her car and that defendant had relieved her of the bag, placing it in the engine compartment of his automobile which was parked behind hers. The officers were further informed that defendant was an outpatient who on the previous day had been drinking on the hospital premises and had been asked to leave. When defendant identified the automobile as his but denied that he had a weapon, one of the officers opened the hood of the car, seized the shotgun and arrested defendant.

The Court of Appeal concluded that defendant's activities on the premises the previous day indicated a motive for possible use of the firearm; that placing the weapon in the engine gave rise to an inference that the defendant was secreting the weapon; and that defendant had originally placed the weapon in the other car so that it would be not so easily traceable to him yet be readily available for use. The court held that given the exigent circumstances the search for a weapon for the dual purpose of investigating if a crime was being committed and to prevent defendant from using the weapon against the officers or against intended victims of violence was a reasonable search that did not violate the Fourth Amendment. (*People* v. *Green, supra,* 15 Cal.App.3d 766, 773-774.)

No exigent circumstances exist in this case. Respondent was not known to be on his way to see someone against whom he might have borne a grudge; there was no evidence that he was preparing to use the weapon; and placing the weapon in the trunk was a reasonable way to transport it rather than evidence that it was being secreted. In short, Officer Harris had no reason to believe that respondent was preparing to use "the weapon either against the officers or other persons . . . in the area." (*People* v. *Green, supra,* 15 Cal.App.3d 766, 773.)

In the absence of a request to inspect, probable cause to search and any exigent circumstances, the opening of the car trunk was unlawful. Therefore, the trial court acted correctly when it dismissed the information.

The order is affirmed.

Caldecott, P. J., and Poché, J., concurred.

On June 22, 1979, the opinion was modified to read as printed above.