[Crim. No. 38931. Second Dist., Div. Three. Jan. 26, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
MELRAY GREEN, Defendant and Appellant.

260

COUNSEL

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Harold S. Vites and John Hamilton Scott, Deputy Public Defenders, for Defendant and Appellant.

John K. Van de Kamp, District Attorney, Harry B. Sondheim, Donald J. Kaplan and Daniel L. Bershin, Deputy District Attorneys, for Plaintiff and Respondent.

OPINION

**COBEY, Acting P. J.**—This appeal, from a municipal court order denying the pretrial motion of defendant, Melray Green, to suppress certain

evidence, is before us pursuant to our order filed on November 24, 1980, transferring the case to us on our own motion for hearing and decision following notification from the Appellate Department of the Los Angeles County Superior Court of its certification of its decision herein for publication.[1] We issued our order of transfer under rule 62(a) of the California Rules of Court.[2]

## OUR JURISDICTION

Melray Green, defendant and appellant herein, challenges our jurisdiction to issue our order of transfer in view of the fact that by memorandum and order filed November 6, 1980, we had denied transfer of this case under the aforementioned subdivision as being unnecessary.

Under rule 24(a) a decision of this court becomes final as to it 30 days after filing, except in 4 situations. One of these is the denial of a transfer to this court after certification for transfer of a case within the original jurisdiction of a municipal or justice court. Similarly, rule 27(a) provides that we may not grant a rehearing of our denial of a transfer of a case to this court "after certification in a case within the original jurisdiction of a municipal or justice court."

In the case at bench the appellate department refused to certify the case to us for transfer pursuant to rule 63, although the People so requested.[3] That is why we transferred the case to us on our own motion. Such a transfer is not specified in rule 24(a) as final immediately. Likewise rule 27(a) expressly authorizes us to grant a rehearing on our own motion prior to but not after the time within which our decision becomes final. Our aforementioned decision refusing transfer of this case, filed on November 6, 1980, had not become final when by our aforementioned order filed November 24, 1980, we vacated the prior order and transferred this case to us on our own motion. Thus, this case is properly before us now and we have jurisdiction to hear this appeal on its merits. We now turn to the merits.

[1]Our order of transfer on our own motion was issued at the request of the People. (Cf. *In re Winnetka* (1980) 28 Cal.3d 587 [169 Cal.Rptr. 713, 620 P.2d 163].) It vacated our prior order in this case denying transfer filed on November 6, 1980.

[2]All references hereafter to rules are to California Rules of Court.

[3]As authorized by rule 12(a), we have added to the record on appeal the superior court file herein (No. CR A 17559). Appellant opposed this request for certification for transfer.

## FACTS

On Saturday, July 7, 1979, at approximately 6 p.m., San Fernando Police Officer Burns saw defendant seated with another individual in a parked vehicle within the City of San Fernando. Burns knew that defendant was wanted on a traffic warrant. Burns approached defendant, who identified himself on request. Burns thereupon placed defendant under arrest on the traffic warrant, handcuffed him, and another police officer who had come upon the scene, placed defendant in the rear seat of Burns' police vehicle. Burns then started walking to the other officer's police vehicle in order to use its radio. As he passed defendant's vehicle, he noticed on the front seat thereof a closed black opaque case which, based on his own personal familiarity with such cases, he immediately recognized as being a gun case.

Burns, without checking with defendant and without a search warrant as well, opened the passenger door of defendant's vehicle, picked up the case, which he found to be completely closed by a zipper, felt something in the case, unzipped it and uncovered a .32 caliber revolver, which he then saw to contain four .32 caliber bullets in its chambers. During this seizure of the revolver in plain sight the other individual, who had been in defendant's car, was either outside of it or away from it. Burns, following the seizure of the revolver and of its ammunition, arrested both defendant and the other individual for violation of Penal Code section 12031 (unlawful carrying of a loaded firearm in a vehicle on a city street).

Defendant moved before trial, pursuant to Penal Code section 1538.5, subdivision (a)(1), to suppress as evidence the gun case, the gun and the bullets. The trial court denied the motion on the ground that the police had identified the gun case as such before seizing it. Defendant's appeal from such denial lies. (Pen. Code, § 1538.5, subd. (j).)

## DISCUSSION

█ The gun case here involved was a closed opaque container observed by Officer Burns in plain sight in defendant's automobile. Burns, on the basis of his own personal familiarity with gun cases, identified the case immediately in his mind as being what it was. In any event, a gun case, generally speaking, by its very nature cannot support a reasonable expectation of privacy because its probable contents can be inferred from its outward appearance. (See *Arkansas* v. *Sanders* (1979)

442 U.S. 753, 764-765, fn. 13 [61 L.Ed.2d 235, 245, 99 S.Ct. 2586].) It is not entitled to the full protection of the Fourth Amendment to the United States Constitution (*id.*) and presumably likewise not to that degree of protection from its California constitutional counterpart, article I, section 13, either. This being the case, we hold that under the circumstances here presented Officer Burns was constitutionally privileged to seize and open the gun case without a search warrant authorizing him to do so.

Once Officer Burns had the revolver before him in plain sight, he could by visually examining only its exterior see that it was loaded and, therefore, that it was contraband under the aforementioned Penal Code section 12031. Under this circumstance of plain sight his immediate arrest then of appellant and his companion for violation of this section was lawful because any prior request for inspection of the firearm, as mandated by subdivision (e) of the section, to determine whether it was loaded, had become unnecessary. (Cf. *People* v. *Kern* (1979) 93 Cal. App.3d 779, 781-782 [155 Cal.Rptr. 877].) Thus the police seizure of the loaded revolver and of the bullets therefrom under this circumstance was likewise constitutionally and legally privileged. Accordingly the suppression motion was properly denied.

DISPOSITION

The denial of the suppression motion is affirmed.

Allport, J., and Potter, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 25, 1981. Bird, C. J., was of the opinion that the petition should be granted.